# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2022

Lyle W. Cayce
Clerk

No. 17-10516

UNITED STATES OF AMERICA,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

DAVID LEE GARRETT,

*Defendant—Appellee/Cross-Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-107-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, JONES, and SOUTHWICK, *Circuit Judges*.

E. GRADY JOLLY, *Circuit Judge*:

Under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), offenders with three previous violent felony convictions are subject to significantly increased sentences. When this court earlier reviewed the sentence of the appellee, we held that a previous conviction for simple robbery was a violent felony that qualifies as a predicate to an enhanced sentence under the ACCA. *United States v. Garrett*, 810 F. App'x 353, 354

No. 17-10516

(5th Cir. 2020) (unpublished). The Supreme Court has now vacated our judgment and remanded for further consideration in the light of its decision in *Borden v. United States*, 141 S. Ct. 1817 (2021). On remand, we conclude that the robbery offense of which appellee was convicted under the Texas simple robbery statute, Tex. Penal Code Ann. § 29.02, was robbery-by-threat, a valid ACCA predicate for an enhanced sentence that was not affected by *Borden*. We therefore reinstate our judgment reversing the district court's imposition of a lesser sentence, and remand to the district court for resentencing under the ACCA.

## I

### A

In 2017, David Lee Garrett was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Before this conviction, he had two prior burglary convictions (both adequate predicates for ACCA enhancement), as well as one conviction for simple robbery under section 29.02 of the Texas Penal Code. On the basis of this criminal record, the government sought to have Garrett sentenced under the ACCA, which imposes a minimum of fifteen years' imprisonment for those with three prior predicate offenses. 18 U.S.C. § 924(e).[1] The district court ruled, however,

---

[1] The ACCA provides in pertinent part that:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony . . . such person shall be fined under this title and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1). A violent felony is defined as:

any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

No. 17-10516

that the robbery was not a valid predicate under the ACCA for an enhanced sentence, and thus imposed a sentence of only eighty-four months. The government appealed the sentence.

On appeal, we held that robbery was an ACCA predicate because it categorically involved the use of force; we therefore vacated the sentence and remanded for the imposition of an ACCA sentence. *Garrett*, 810 F. App'x at 354. Garrett filed a petition for a writ of certiorari. Shortly thereafter, the Supreme Court decided *Borden v. United States*. *Borden* held that criminal offenses that can be committed through mere recklessness do not require the use of force and therefore are not violent felonies under the ACCA. 141 S. Ct. at 1834. The Court vacated our decision in *Garrett* and remanded for further consideration in the light of *Borden*.

## B

On remand, Garrett argues principally that the Texas simple robbery statute creates a single, indivisible crime that cannot support an enhanced sentence because the statute allows a conviction for "*recklessly* caus[ing] bodily injury to another" in the course of a theft. TEX. PENAL CODE ANN. § 29.02(a)(1) (emphasis added).[2] On the other hand, the government argues

---

   (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

   (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

   [2] The statute is violated when a defendant, in the course of committing a theft, either "(1) intentionally, knowingly, or recklessly causes bodily injury to another," or "(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. § 29.02(a). We refer to the first alternative as robbery-by-injury and the second as robbery-by-threat.

that the robbery statute is, in fact, divisible into separate crimes and that Garrett was actually convicted of robbery-by-threat, which entails "intentionally or knowingly threaten[ing] or plac[ing] another in fear of imminent bodily injury or death," an offense that cannot be committed through mere recklessness. *Id.* § 29.02(a)(2). We now turn to resolving this dispute.

## II

Whether a crime is a predicate to an enhanced sentence under the ACCA is a question of law reviewed *de novo*. *United States v. Massey*, 858 F.3d 380, 382 (5th Cir. 2017). As pertinent to this case, a crime is an ACCA predicate when it is a violent felony, which is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another."[3] 18 U.S.C. § 924(e)(2)(B)(i).

It must be underscored that, to qualify as an ACCA predicate, a crime must "ha[ve] *as an element* the use, attempted use, or threatened use of force." *Id.* (emphasis added). Courts therefore do not resort to a case-by-case evaluation of the underlying facts of each conviction. *Borden*, 141 S. Ct. at 1822. Instead, we look at the statute itself and examine the elements of that crime; that is to say, we apply a categorical analysis to determine whether the statute itself necessarily and invariably requires the "use . . . or threatened use of physical force." *Id.*; 18 U.S.C. § 924(e)(2)(B)(i). "If any—even the least culpable—of the acts criminalized do not entail that kind of force, the statute of conviction does not categorically match the [force clause], and so cannot serve as an ACCA predicate." *Borden*, 141 S. Ct. at 1822. In other words, any crime that can be committed without the use of force cannot serve

---

[3] We refer to this provision as the ACCA's force clause.

as an ACCA predicate under the force clause, regardless of whether the actual facts of the case at hand indicate that force was used. *Id.*

Some statutes, however, are divisible—that is, a single statute may create multiple, distinct crimes, some violent, some non-violent. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). A divisible statute requires us to shift gears and apply the modified categorical approach: we are then allowed to look at documents in the record, such as an indictment, jury instructions, or a plea colloquy, for the limited purpose of determining the specific crime under the statute for which the defendant was charged and convicted in order to determine whether that crime of conviction requires as an element the use of force. *Id.*; *see United States v. Howell*, 838 F.3d 489, 494 & n.21 (5th Cir. 2016).

Finally, regardless of whether the offense being examined arises from an indivisible statute or constitutes a distinct crime within a divisible statute, a crime cannot be a predicate under the ACCA's force clause if it can be committed through recklessness. "Offenses with a *mens rea* of recklessness do not qualify as violent felonies" because "[t]hey do not require . . . the active employment of force against another person." *Borden*, 141 S. Ct. at 1834.

## III

Against this background, the initial and primary question for us to address is whether the Texas simple robbery statute creates one crime or more than one—that is to say, whether it is divisible. If the statute is indivisible and thus only states one crime, Garrett's conviction does not qualify under *Borden* as an ACCA violent felony because robbery can be committed recklessly. *See* TEX. PENAL CODE ANN. § 29.02(a)(1) (criminalizing "intentionally, knowingly, or *recklessly* caus[ing] bodily injury to another" (emphasis added)). If, on the other hand, the statute is divisible

into distinct crimes, we must then identify what crime, specifically, Garrett committed and whether that crime constitutes a violent felony.

Our caselaw guides us in deciding whether the Texas simple robbery statute is divisible into separate crimes. We have previously held that if a statute only sets out alternative means of committing a crime, such that the jury need not agree which of the various possible means was actually employed in committing the crime, then the statute states only one crime and consequently is indivisible. *Howell*, 838 F.3d at 497. But if the statute lays out alternative elements of the crime, such that the jury must agree which of the two or more potential alternatives is satisfied, the statute is divisible. *Id.* To reiterate, "[t]he test to distinguish means from elements is whether a jury must agree" that one alternative, and not the other, was committed. *Id.* In conducting this inquiry, the Supreme Court has directed our attention to the state statute itself, as well as state court decisions. *Mathis*, 136 S. Ct. at 2256.

**A**

We begin with the statute and find it unambiguous.[4] The Texas simple robbery statute creates two distinct crimes, robbery-by-injury and robbery-by-threat. The pertinent portion of the statute is divided into two separate, numbered subdivisions separated by a semicolon. Moreover, the significance

---

[4] The full text of the simple robbery statute provides that:

A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

> (1) intentionally, knowingly, or recklessly causes bodily injury to another; or

> (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Tex. Penal Code Ann. § 29.02.

of this structural feature is confirmed by the conceptually distinct nature of each alternative; causing bodily injury is behavior meaningfully different from threatening or placing another in fear. And the different nature of these two crimes is further made apparent by their different mental state requirements; robbery-by-injury can be committed "intentionally, knowingly, or recklessly," while robbery-by-threat can only be committed "intentionally or knowingly." TEX. PENAL CODE ANN. § 29.02(a); *see also United States v. Wehmhoefer*, 835 F. App'x 208, 211 (9th Cir. 2020) (unpublished) (finding robbery under Texas law divisible and stating that "[d]iffering *mens rea* requirements are a hallmark of divisibility").

Looking to the provisions of a related state statute that has been held divisible, our interpretation of the robbery statute is confirmed. The Texas Court of Criminal Appeals, the final authority on Texas criminal law, has explicitly stated that the state's assault statute, which contains relevant language analogous to the robbery statute, creates "three distinct criminal offenses."[5] *United States v. Torres*, 923 F.3d 420, 425 (5th Cir. 2019) (citing *Landrian v. State*, 268 S.W.3d 532, 540 (Tex. Crim. App. 2008)). The court explained that assault by causing bodily injury is a "result-oriented offense,"

---

[5] The assault statute also contains a third subdivision not relevant here. The statute reads in full:

A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE ANN. § 22.01.

while assault by threat is a "conduct-oriented offense." *Landrian*, 268 S.W.2d at 540. As such, the fundamental "gravamen of the offense" is different in each type of assault. *Id.* at 541. This court has consequently decided that the assault statute is divisible into separate crimes for the purposes of the ACCA. *Id.* Given the closely related wording of the simple robbery statute, we do not see how we could but conclude that the robbery stated, under Texas caselaw, and indeed our precedent, is divisible.

## B

Thus, we think that in *Landrian*, the Texas Court of Criminal Appeals resolved the interpretation of the simple robbery statute for purposes of Texas law. However, we should note, perhaps only parenthetically, that the lesser Texas courts have also spoken on the subject. Although these courts have not been entirely consistent, we think that lower state court cases, considered as a whole, support—and certainly do not undermine—our conclusion that simple robbery is divisible. In *Loville v. State*, No. 14-12-00297-CR, 2013 Tex. App. LEXIS 5453, at *24 (Tex. App. May 2, 2013) (unpublished), the court held that the "robbery statute provides two separate criminal offenses—robbery causing bodily injury and robbery by threat" and that the jury must be unanimous as to which offense was committed. Likewise, another state court found that the robbery statute "provides two separate, underlying robbery offenses." *Woodard v. State*, 294 S.W.3d 605, 608–09 (Tex. App. 2009).

There is, unsurprisingly, more than one interpretation among the Texas courts of appeal. For example, in *Burton v. State*, 510 S.W.3d 232, 236–37 (Tex. App. 2017), the court found that jury instructions allowing a conviction on a theory of either robbery-by-injury or robbery-by-threat did not violate the defendant's right to jury unanimity on the verdict. There are other cases cited by Garrett, but we think they are either inapposite or

unpersuasive.[6] Although state appellate court decisions are not unanimous, we conclude, as we have said, that lower court cases considered as a whole are supportive of the notion that simple robbery is divisible into separate crimes; and, in any event, these court of appeal cases to the contrary have significantly diminished authority in the shadow of *Landrian* and the Texas Court of Criminal Appeals.

## IV

We have thus reviewed the Texas statute and state caselaw, leading us to hold that the Texas simple robbery statute is divisible. Given this conclusion, the remainder of our analysis may be addressed in short order. Because the statute is divisible, we apply the modified categorical approach to see which offense, under the simple robbery statute, is the crime of conviction. *Alejos-Perez v. Garland*, 991 F.3d 642, 648 (5th Cir. 2021). Applying the modified categorical approach, we are permitted to look to the indictment and the judicial confession entered on Garrett's guilty plea. We see that both documents state that Garrett "did then and there intentionally and knowingly threaten and place [the complainant] in fear of imminent bodily injury and death." In other words, the record recites the statutory language pertaining to robbery-by-threat and makes no mention of robbery-

---

[6] Garrett points to *Cooper v. State*, 430 S.W.3d 426 (Tex. Crim. App. 2014). But *Cooper* was a double jeopardy decision, *id.* at 427, and double jeopardy cases "shed little light on divisibility" because they generally will not provide the needed certainty on the crucial jury unanimity question. *Alejos-Perez v. Garland*, 991 F.3d 642, 650 (5th Cir. 2021) (quoting *United States v. Herrold*, 883 F.3d 517, 528–29 (5th Cir. 2019) (en banc)). Similarly, *Martin v. State*, No. 03-16-00198-CR, 2017 Tex. App. LEXIS 11181, at *6 (Tex. App. Dec. 1, 2017), had nothing to do with jury unanimity and instead considered sufficiency of the evidence. *Alexander v. State*, No. 02-15-00406-CR, 2017 Tex. App. LEXIS 4072, at *19 (Tex. App. May 4, 2017), is closer to the mark in that it does deal with jury unanimity, but the defendant there conceded that the jury instructions charging theories of robbery-by-threat and robbery-by-injury as interchangeable alternatives were proper, and the court therefore was not required to decide the issue.

No. 17-10516

by-injury. Garrett's crime was thus robbery-by-threat under Texas Penal Code § 29.02(a)(2). Robbery-by-threat is a violent felony because intentionally or knowingly threatening or placing another in fear of imminent bodily injury or death plainly constitutes the "threatened use of physical force" under the ACCA.[7] 18 U.S.C. § 924(e)(2)(B)(i). Furthermore, because robbery-by-threat requires a mental state of intent or knowledge rather than mere recklessness, TEX. PENAL CODE ANN. § 29.02(a)(2), our holding today is consistent with *Borden*. Garrett's conviction for robbery-by-threat is thus a violent felony under the ACCA and may serve as a predicate to an enhanced sentence. The district court's imposition of a non-ACCA sentence of eighty-four months is, once again, VACATED, and the case is REMANDED for resentencing under the ACCA.

Because of the time constraints imposed by Garrett's release date, the Clerk is directed to issue the mandate forthwith.

---

[7] Garrett seeks to evade this conclusion. He asserts that *Borden* went further than ruling that crimes of recklessness are not ACCA violent felonies, arguing that the decision on recklessness is merely the application of a much broader holding that a defendant must "direct his action at, or target, another individual" to commit an ACCA predicate. *Borden*, 141 S. Ct. at 1825. But Garrett cites no case or circumstance applying *Borden* in this way. Furthermore, the Supreme Court was explicit that its holding was specifically directed at recklessness, as it appeared in the statute. *Id.* at 1822 ("We hold that a reckless offense cannot so qualify [as a violent felony].").