# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2022

Lyle W. Cayce
Clerk

No. 18-10231
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DANNY LOPEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:17-CR-35-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Danny Lopez pleaded guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), and he was sentenced as an armed career criminal under 18 U.S.C. § 924(e) to 235 months of imprisonment and five years of supervised release. Lopez argues that the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-10231

district court plainly erred by applying the statutory enhancement set forth in the Armed Career Criminal Act (ACCA) in § 924(e). Specifically, he contends that after the decision in *Borden v. United States*, 141 S. Ct 1817 (2021), the Texas offense of aggravated assault by threat with a deadly weapon does not satisfy the generic definition of aggravated assault because it does not require that the actor actually intend to carry out the threat, but only requires that the actor knowingly or intentionally make the threat.

Because Lopez did not object to the finding that he was subject to a sentencing enhancement under the ACCA, we review for plain error only. *See United States v. Davis*, 487 F.3d 282, 284 (5th Cir. 2007); *United States v. Hornyak,* 805 F.3d 196, 199 (5th Cir. 2015). To prevail, Lopez must identify an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A felon who knowingly possesses a firearm is subject to a sentence of up to ten years. *See* § 924(a)(2). If, however, the defendant has three prior convictions for a "violent felony," the ACCA requires a term of imprisonment of at least 15 years. § 924(e)(1). "[V]iolent felony" is defined as a felony that is either one of several specific crimes enumerated in the ACCA, or that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" § 924(e)(2)(B)(i).

In addition to a Texas conviction for burglary of a habitation (which, as Lopez concedes, we have already held to be a "violent felony" for ACCA purposes, *see United States v. Herrold*, 941 F.3d 173, 177 (5th Cir. 2019)), Lopez has two prior convictions for Texas aggravated assault by threat with a deadly weapon. The indictments, judgments, and judicial confessions show that both of Lopez's aggravated assault convictions were based on assault by

threat with a deadly weapon under TEX. PENAL CODE § 22.01(a)(2) and TEX. PENAL CODE § 22.02 (a)(2).

The Supreme Court recently held in *Borden* that offenses with a mens rea of recklessness are not encompassed within the elements clause of the "violent felony" definition in the ACCA. *Borden*, 141 S. Ct. at 1825, 1834 (noting that reckless conduct is not aimed "against the person of another" as the elements clause requires). Lopez concedes that insofar as it concerns threats rather than injury, the Texas assault statute requires intent or knowledge rather than mere recklessness. However, he argues that because Texas aggravated assault by threat allows for a conviction where a defendant has no intent to carry out the threat and has no intent for the victim to actually feel threatened, after *Borden*, the offense is outside the "elements clause."

We disagree. The Texas simple assault statute, § 22.01(a)(1)-(3), is divisible into three distinct crimes and is appropriate for the modified categorical approach. *See United States v. Torres*, 923 F.3d 420, 425 (5th Cir. 2019). Lopez was convicted of assault by threat under § 22.01(a)(2), which requires proof that the defendant either intentionally or knowingly threatened imminent bodily injury to another. *See Torres*, 923 F.3d at 426 (holding that a conviction under § 22.01(a)(2) is "a crime of violence" under another federal statute that defines that term in language identical to the ACCA language at issue here). Thus, Lopez's prior convictions were for an offense that "has as an element the . . . threatened use of physical force against the person of another," and accordingly they qualify as "violent felon[ies]" under the ACCA. § 924(e)(2)(B)(i).

Moreover, we are bound by our reasoning in *United States v. Garrett*, 24 F.4th 485 (5th Cir. 2022), to reject Lopez's argument that *Borden* compels a different result. In *Garrett*, we held that the Texas offense of "[r]obbery-by-threat is a violent felony because intentionally or knowingly threatening or

placing another in fear of imminent bodily injury or death plainly constitutes the 'threatened use of physical force' under the ACCA." *Id.* at 491. "Furthermore," we explained, "because robbery-by-threat requires a mental state of intent or knowledge rather than mere recklessness, our holding . . . [wa]s consistent with *Borden*." *Id.* We rejected that defendant's arguments (reminiscent of those now advanced by Lopez) that "*Borden* went further than ruling that crimes of recklessness are not ACCA violent felonies," and "that a defendant must 'direct his action at, or target, another individual' to commit an ACCA predicate." *Id.* n.7.

Similarly, in this case, neither the ACCA nor *Borden*'s interpretation thereof—contrary to Lopez's assertion—requires that an offense, in order to qualify as a "violent felony," have as an element an intent to carry out the threat or for the victim to actually feel threatened. Rather, the fact that Lopez's prior Texas convictions were for aggravated assault by threat under § 22.01(a)(2) (an offense which requires a mental state of knowledge or intent) is sufficient to bring them within the ACCA's definition of "violent felony." The district court therefore did not err, let alone plainly, in applying the ACCA enhancement of § 924(e).

AFFIRMED.