# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2022

Lyle W. Cayce
Clerk

No. 21-40467
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHARLES JEROME BOWMAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-270-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Charles Jerome Bowman pleaded guilty to possessing a firearm after a felony conviction and was sentenced to 210 months in prison with five years of supervised release. On appeal, he argues that the district court erred in sentencing him under 18 U.S.C. § 924(e), the Armed Career Criminal Act

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

(ACCA), because his Texas convictions for simple robbery, aggravated robbery, and aggravated assault do not qualify as ACCA predicates. Bowman reasons that the statutes defining robbery and assault in Texas are indivisible, meaning each creates a single crime, and that those crimes do not constitute violent felonies under the ACCA because they can be committed through mere recklessness.

Whether a prior conviction qualifies as an ACCA predicate is a question this court generally reviews de novo. *United States v. Massey*, 858 F.3d 380, 382 (5th Cir. 2017). However, because Bowman's argument on appeal is new, review is for plain error. *See United States v. Castaneda-Lozoya*, 812 F.3d 457, 459 (5th Cir. 2016). To prevail under the plain-error standard, Bowman must show (1) an error (2) that is clear or obvious and (3) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Should he do so, this court may correct the error if it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.* at 135.

Contrary to Bowman's position, we recently held that the Texas robbery statute, TEX. PENAL CODE § 29.02(a), is divisible. *United States v. Garrett*, 24 F.4th 485, 491 (5th Cir. 2022). We have also held that the Texas assault statute, TEX. PENAL CODE § 22.01(a), is divisible. *United States v. Torres*, 923 F.3d 420, 425 (5th Cir. 2019). Because of this, and because the record includes indictments and other relevant documents for the prior convictions, we can apply the modified categorical approach to identify the crimes for which Bowman was convicted. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Bowman does not dispute that both of his convictions for simple robbery involved robbery-by-threat under § 29.02(a)(2), which qualifies as an ACCA predicate. *See Garrett*, 24 F.4th at 491. Nor does he show that it would be a clear or obvious error to characterize his conviction for aggravated assault as a violent felony. Thus, Bowman fails to establish that the district court plainly erred in characterizing

No. 21-40467

at least three of his prior convictions as ACCA predicates, which was sufficient to support the enhancement. *See* § 924(e)(1).

AFFIRMED.