# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 22, 2022

Lyle W. Cayce
Clerk

No. 20-10992
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Modesto Balderas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-66

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Davis, Stewart, and Dennis, Circuit Judges.

Per Curiam:*

Modesto Balderas pleaded guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and possession of a firearm with an obliterated serial

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

number, 18 U.S.C. § 922(k). After concluding that Balderas was subject to enhanced penalties, including a 15-year mandatory minimum sentence, under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), the district court sentenced him to 186 months of imprisonment. On appeal, Balderas challenged the characterization of two of three prior convictions as violent felonies for purposes of the enhanced penalties of the ACCA. § 924(e). We granted the Government's motion for summary affirmance following Balderas's concession that his arguments were foreclosed by this court's prior decisions. Balderas petitioned the United States Supreme Court for a writ of certiorari.

While his petition was pending, the Supreme Court decided that a crime capable of commission with "a less culpable mental state than purpose or knowledge," such as "recklessness," cannot qualify as a "violent felony" under § 924(e)(2)(B) of the ACCA. *Borden v. United States*, 141 S. Ct. 1817, 1821–22, 1825, quotations at 1821-22 (2021) (plurality opinion); *id.* at 1835. After *Borden*, the Court granted Balderas's petition, vacated our judgment, and remanded "for further consideration in light of *Borden*." *Balderas v. United States*, 142 S. Ct. 860, 860 (2022).

The ACCA provides for enhanced penalties for defendants who have three prior convictions for "a violent felony or a serious drug offense, or both." § 924(e)(1). The statute defines a "violent felony" as including "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B). We review Balderas's preserved challenges to the application of § 924(e) de novo. *See United States v. Flores*, 922 F.3d 681, 683 (5th Cir. 2019).

Post-*Borden*, the question is whether Balderas's prior Texas convictions of simple robbery and of aggravated assault constitute violent

felonies. *See* § 924(e)(2)(B). We recently decided that Texas simple robbery, is divisible into robbery-by-injury, which may be committed recklessly, and robbery-by-threat, which may only be committed "intentionally and knowingly." *United States v. Garrett*, 24 F.4th 485, 489 (5th Cir. 2022) (quoting Tex. Penal Code Ann. § 29.02(a)). Robbery-by-injury no longer qualifies as a violent felony post-*Borden*. *See Garrett*, 24 F.4th at 487-91. Because robbery-by-threat may only be committed with an intentional and knowing mens rea, however, a conviction under § 29.02(a)(2) qualifies as a violent felony under the ACCA post-*Borden*. *Id.* at 491.

The only information in the record concerning Balderas's prior convictions is the presentence report's characterization of the offenses which do not indicate the subsection of conviction. Without that information, we cannot determine whether the simple robbery conviction qualifies as a violent felony under the ACCA post-*Borden*. We therefore vacate and remand this matter for resentencing in light of *Borden* and *Garrett*. *See United States v. Bonilla-Mungia*, 422 F.3d 316, 321 (5th Cir.2005). On remand, the district court should permit the government to supplement the record with appropriate documents that may establish the applicable elements of Balderas's prior offense. *See id.* Because we vacate and remand Balderas's entire sentence, we need not reach his challenge to the characterization of his prior Texas aggravated assault conviction as a violent felony under the ACCA.

VACATE AND REMAND.