# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2022

Lyle W. Cayce
Clerk

No. 21-40808
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE RUDES LANDAVERDE-LEON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CR-556-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Jose Rudes Landaverde-Leon pleaded guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Citing *Borden v. United States*, 141 S. Ct. 1817 (2021), Landaverde-Leon contends that he should not have

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40808

been convicted and sentenced under § 1326(b)(2) based on a 2009 Texas robbery conviction because that offense was not an aggravated felony.

*Borden* held that offenses with a mens rea of recklessness do not qualify as violent felonies under the Armed Career Criminal Act. 141 S. Ct. at 1834. *Borden* applies in the § 1326 context because the relevant definitions of "violent felony" and "crime of violence" are nearly identical.

Our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). On that standard, Landaverde-Leon must show an error that was clear and obvious and that affected his substantial rights. *See id.* If he makes that showing, we have discretion to remedy the error but should do so only if it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See id.*; *see also United States v. Stoglin*, 34 F.4th 415 (5th Cir. 2022) (applying plain error standard in case involving *Borden* error).

In *United States v. Garrett*, 24 F.4th 485, 489–91 (5th Cir. 2022), we held that the Texas robbery statute is divisible and criminalizes two offenses: robbery-by-threat and robbery-by-injury. Robbery-by-injury is not a violent felony because it may be committed with a mens rea of recklessness. *See id.* Because Landaverde-Leon's state court judgment shows that his robbery conviction was a robbery-by-injury, it was not an aggravated felony. *See id.* at 491; *see also Mathis v. United States*, 579 U.S. 500, 505–06 (2016) (discussing the modified-categorical approach for classifying offenses). Although the state indictment arguably charged a robbery-by-threat, we "cannot use an indictment to narrow the statute of conviction if the indictment was for a crime different from the crime stated in the judgment of conviction." *United States v. Reyes-Contreras*, 910 F.3d 169, 175 (5th Cir. 2018) (en banc). Thus, the district court committed a clear or obvious *Borden* error in treating the robbery-by-injury conviction as an aggravated felony and in convicting and sentencing Landaverde-Leon under § 1326(b)(2).

No. 21-40808

To show that the error affected his substantial rights, however, Landaverde-Leon must show that there is a reasonable probability that, but for the error, the district court would have imposed a more lenient sentence. Here, Landaverde-Leon has not shown that, but for the error, the district court would have imposed a more lenient sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009). He does not contend and the record does not reflect that the district court's sentence was influenced by an incorrect understanding of the statutory maximum sentence. *See United States v. Trujillo*, 4 F.4th 287, 291 (5th Cir. 2021).

As a result, plain error has not been shown, and the judgment is accordingly AFFIRMED but REFORMED to reflect that the conviction and sentence were under §§ 1326(a) and (b)(1). *See Mondragon-Santiago*, 564 F.3d at 369.