# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2023

Lyle W. Cayce
Clerk

_____

No. 22-10487

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAVID LEE GARRETT,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-107-1

_____

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

David Lee Garrett pled guilty, without a plea agreement, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). During his original sentencing, the parties disputed whether the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), applied based on Garrett's prior robbery conviction and two prior burglary convictions. *See United States v. Garrett*, 810 F. App'x 353, 354 (5th Cir. 2020). The ACCA requires

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

a minimum 15-year prison sentence if a defendant convicted under Section 922(g) has at least three prior convictions for a violent felony or serious drug offense. § 924(e)(1); *see Borden v. United States*, 141 S. Ct. 1817, 1822 (2021).

The district court held that Garrett's two prior convictions for burglary of a habitation under Texas Penal Code Section 30.02(a) qualified as violent felonies under the ACCA, but that his prior conviction for robbery under Texas Penal Code Section 29.02 did not meet the statutory definition. *Garrett*, 810 F. App'x at 354. Because Garrett did not have the predicate three violent felonies required under the ACCA, the district court imposed a sentence of only 84 months. *Id.*

The Government appealed, arguing Garrett's sentence should be vacated and the case remanded for resentencing due to circuit precedent that Texas robbery was a violent felony under the ACCA. *Id.* We agreed, holding that precedent foreclosed "the argument that Garrett's Texas robbery and burglary convictions are not violent felonies." *Id.* We vacated Garrett's sentence and remanded for the imposition of an ACCA sentence. *Id.* at 355; *see also United States v. Garrett*, 24 F.4th 485, 487 (5th Cir. 2022).

Garrett filed a petition for a writ of certiorari, which the Supreme Court granted. The Supreme Court vacated this court's judgment and remanded for further consideration in light of its decision in *Borden*, 141 S. Ct. 1817.[1] *Garrett v. United States*, 141 S. Ct. 2782 (2021).

On remand, we held that *Borden* did not alter whether Garrett was subject to the ACCA's enhanced-penalty provision. *Garrett*, 24 F.4th at 487.

---

[1] In *Borden*, the Supreme Court held that the portion of the ACCA's definition of a "violent felony" that captures offenses requiring as an element the use, attempted use, or threatened use of force, does not reach offenses that require only proof of reckless causation of injury. 141 S. Ct. at 1825, 1834 (plurality); *see also id.* at 1835–37 (Thomas, J., concurring).

No. 22-10487

We concluded that the Texas robbery statute is divisible into injury-based and threat-based crimes, and that a Texas robbery-by-threat conviction remains a violent felony because it must be completed intentionally or knowingly. *Id.* at 490–91. We once again vacated and remanded to the district court "for resentencing under the ACCA." *Id.* at 491.

In district court after our remand, Garrett attempted to raise new arguments relating to his robbery conviction. He challenged the robbery conviction as a predicate to the ACCA on three grounds, arguing: (1) the conviction was void on its face because the referral request to the state magistrate judge was not properly signed; (2) the conviction did not satisfy the force clause of the ACCA; and (3) the Fifth Circuit erroneously determined that Texas law supported the conclusion that the robbery statute was divisible.

The district court overruled Garrett's objections based on the mandate rule. It noted that this court had remanded "for resentencing for a limited purpose," which was to "impose an ACCA sentence," and that it therefore "d[id] not have the discretion to go beyond that limited purpose." The court applied the ACCA and sentenced Garrett to 180 months of imprisonment and five years of supervised release.

Garrett now appeals the 180-month sentence imposed on remand. He contends the district court erred by not acknowledging that it had discretion to determine whether to apply the mandate rule. He further asserts that the reliance on his 2007 robbery conviction as an ACCA predicate falls within the "manifest injustice" exception to the mandate rule because, he argues, the conviction was void. The Government responds that Garrett's argument is barred because he failed to raise it in his first appeal and that none of the exceptions to the mandate rule applies.

No. 22-10487

We review a district court's interpretation of a remand order *de novo*. *See United States v. Pineiro*, 470 F.3d 200, 204 (5th Cir. 2006). The mandate rule is "a specific application of the general doctrine of law of the case." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (quotation marks and citation omitted). It is a "restrictive rule for interpreting the scope of the mandate in the criminal resentencing context." *United States v. Matthews*, 312 F.3d 652, 658 (5th Cir. 2002). As a result, only "discrete, particular issues identified by the appeals court for remand are properly before the resentencing court," and "litigation of issues decided by the district court but foregone on appeal or otherwise waived" are barred. *Lee*, 358 F.3d at 321 (quotation marks and citation omitted).

We have held that a defendant cannot use sentencing or resentencing to "entertain a collateral attack on a prior conviction used to enhance the sentence unless such an attack is otherwise recognized by law." *United States v. Longstreet*, 603 F.3d 273, 277 (5th Cir. 2010). Further, "an issue that could have been but was *not* raised on appeal is forfeited and may not be revisited by the district court on remand." *Med. Ctr. Pharm. v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011) (emphasis in original). Garrett has failed to show that the issues he raises fall within any of the exceptions to the mandate rule. *See Longstreet*, 603 F.3d at 277; *Pineiro*, 470 F.3d at 205–06.

We have already decided that Garrett's robbery conviction was a valid ACCA predicate. *See Garrett*, 24 F.4th at 491. The district court was correct to sentence him accordingly.

The judgment is AFFIRMED.

4