# United States Court of Appeals for the Fifth Circuit

————————

No. 23-50738
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesse Alaniz Lopez,

*Defendant—Appellant*.

——————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-175-1

——————————————————————

Before Jones, Graves, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jesse Alaniz Lopez appeals the 188-month sentence imposed following his conviction for possession of a firearm after a felony conviction. He argues that the district court erred in sentencing him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), because his prior

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conviction for robbery under Texas Penal Code § 29.02(a) did not qualify as a violent felony.

Alaniz Lopez specifically argues that the robbery offense could have been committed with recklessness, and the judgment does not clarify that the offense was committed through threats or causing bodily injury. The Government has filed an opposed motion for summary affirmance, or, in the alternative, an extension of time to file a brief, contending that the issue raised on appeal is foreclosed by *United States v. Garrett*, 24 F. 4th 485 (5th Cir. 2022).

We review de novo because Alaniz Lopez preserved his challenge to the characterization of his prior Texas robbery conviction as a violent felony in the district court. *See United States v. Flores*, 922 F.3d 681, 683 (5th Cir. 2019). Applying a modified categorical approach, the indictment and judgment reveal that Alaniz Lopez pleaded guilty to robbery-by-threat; thus, his prior Texas robbery conviction qualifies as a violent felony under the ACCA. *See Garrett*, 24 F. 4th at 491. Alaniz Lopez's challenge to his sentence is unavailing.

We DENY the Government's opposed motion for summary affirmance. We DENY the alternative motion for an extension of time to file a brief and DISPENSE with further briefing. The judgment is AFFIRMED.