# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-10132
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARK ALLEN HAYDEN,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:23-CR-80-1

_____

Before HAYNES, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Mark Allen Hayden pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and was sentenced to an above-guidelines term of 72 months of imprisonment and three years of supervised release. On appeal, Hayden challenges the district

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court's application of an enhanced base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A), and the facial constitutionality of § 922(g)(1).

Because Hayden did not preserve either of his challenges, our review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Hayden must show the forfeited error is clear or obvious and affects his substantial rights. *See id.* If Hayden makes such a showing, this court has the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted).

Hayden's base offense level was enhanced because his 2001 conviction for Texas robbery was classified as a crime of violence for the purposes of § 2K2.1(a)(4)(A). The state indictment indicates that Hayden was convicted of robbery-by-threat, which satisfies the relevant definition. *See United States v. Garrett*, 24 F.4th 485, 491 (5th Cir. 2022). Hayden has not shown any error, let alone a clear or obvious one.

Hayden also concedes that his argument § 922(g)(1) is unconstitutional is foreclosed on plain error review. *United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

Accordingly, the district court's judgment is AFFIRMED.