

# In the Court of Criminal Appeals of Texas

---

No. PD-0148-23

---

JAMES EARNEST FLOYD, JR., *Appellant*

v.

THE STATE OF TEXAS

---

Discretionary Review on Court's Own Motion
From the Second Court of Appeals
Tarrant County

---

YEARY, J., filed a concurring opinion.

We granted discretionary review in this case, on our own motion, in order to address whether the two theories of robbery contained respectively in Sections 29.02(a)(1) and 29.02(a)(2) of the Texas Penal

Code represent, for purpose of jury unanimity: (a) separate and distinct elemental ways of committing the offense; or (b) alternative manner or means by which a single statutory offense may be committed. TEX. PENAL CODE § 29.02(a).[1] If the former, then to convict, a jury must reach a unanimous verdict that the defendant committed the offense in at least one of the separate and distinct elemental ways of committing it before the jury may convict him.[2] If the latter, then the jury may convict the defendant of the single statutory offense without necessarily reaching unanimous agreement about which of the statutory alternatives he committed.

Today, the Court concludes that robbery by causing bodily injury (Section 29.02(a)(1)), and robbery by threat or placing another in fear of imminent bodily injury or death (Section 29.02(a)(2)), are simply different manner or means of committing the same statutory offense. It therefore concludes that jury unanimity is not required. Majority

---

[1] Section 29.02(a) reads:

(a)   A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX. PENAL CODE § 29.02(a).

[2] *Ramos v. Louisiana*, 590 U.S. 83, 90 (2020) ("A jury must reach a unanimous verdict in order to convict.").

Opinion at 11. But the Court does not, to my satisfaction, explain why this ought to be the proper way to read the statute. Instead, it seems to base its conclusion about the requirement of unanimity entirely on the fact that this Court has already announced its conclusion that the same two statutory alternatives at issue in this case are the same for double jeopardy purposes. *Id.* at 7.

The Court has often said that, when we construe a penal statute in such a way as "to carve out separate offenses for double jeopardy purposes, we have essentially held that they are separate offenses for jury unanimity purposes as well." *French v. State*, 563 S.W.3d 228, 234 (Tex. Crim. App. 2018). And in the double-jeopardy context, the Court has indeed already construed Section 29.02, subsections (a)(1) and (a)(2), to constitute the same offense. *Cooper v. State*, 430 S.W.3d 426, 427 (Tex. Crim. App. 2014). I can certainly see, then, how one might conclude that the Court's opinion in *French* ought to dictate the answer to the jury unanimity question as well. *See, e.g.*, *Burton v. State*, 510 S.W.3d 232, 237 (Tex. App.—Fort Worth 2017) (relying upon *Cooper* "to conclude that it was not error for the charge of aggravated robbery to be submitted in the disjunctive because causing bodily injury or threatening the victim are different methods of committing the same offense"). That is certainly the State's position in this case. Brief for the State at 9−10.

The problem is with *Cooper* itself. There, the five-judge majority opinion did not even attempt to offer a rationale in support of its holding. Instead, the *Cooper* majority simply announced in its three-paragraph opinion that, "[a]fter reviewing the opinion of the court of appeals, the record, and the briefs of the parties, we conclude that appellant's

challenged convictions do violate the double jeopardy clause." *Cooper*, 430 S.W.3d at 427. It did not explain why it reached that conclusion.

The *Cooper* case did generate two concurring opinions and one dissenting opinion. Presiding Judge Keller offered her opinion as to why she believed a conviction under both subsections would be jeopardy barred, and she was joined in her concurring opinion by Judge Johnson (the author of the Court's majority opinion). *Id*. at 427–35 (Keller, P.J., concurring). Judge Cochran separately wrote to convey her own concurring rationale, joined only by Judge Alcala. *Id*. at 435–39 (Cochran, J., concurring). Judge Price, joined by Judges Keasler and Hervey, dissented, arguing that Sections 29.02(a)(1) and 29.02(a)(2) should be construed as defining separate offenses. *Id*. at 440–44 (Price, J., dissenting). Judge Womack did not participate, and Judge Meyers joined only the abbreviated majority opinion, while joining neither of the concurring opinions that offered rationales in support of the majority's naked holding.

Meanwhile, the United States Fifth Circuit Court of Appeals has recently construed Sections 29.02(a)(1) and 29.02(a)(2) differently than the *Cooper* majority. More specifically, the Fifth Circuit concluded that the two statutory alternatives at issue in this case constitute *more* than mere manner or means of committing the same offense. *See United States v. Garrett*, 24 F.4th 485, 489–90 (5th Cir. 2022) (concluding that Sections 29.02(a)(1) and 29.02(a)(2) "unambiguous[ly]" constitute "divisible" offenses, not merely alternative manner or means of committing the same statutory offense, relying on this Court's opinion

in *Landrian v. State*, 268 S.W.3d 532 (Tex. Crim. App. 2008)).[3]

We granted discretionary review in this case to address these disparities of judicial interpretation—to try to provide not only a definitive answer to the jury-unanimity question, but also, unlike the various separate opinions in *Cooper*, hopefully to present a unified rationale. A worthy objective, no doubt, but somewhat lacking today in the Court's execution. The Court's opinion today offers little more in the way of rationale than did the majority opinion in *Cooper*. And today's separate opinions offer no more definitive justification for the Court's conclusion than did the separate opinions in *Cooper*. Presiding Judge Keller essentially reiterates the rationale she articulated in her concurrence in *Cooper*. Judge Walker, like Judge Price in *Cooper*, provides a detailed argument why the majority's conclusion is wrong.

For my part, I agree that jury-unanimity issues, like double jeopardy issues, are primarily a matter of statutory construction. And I know that, in struggling to implement the Court's approach for construing statutes to determine jury-unanimity issues, I have been far less inclined than the Court to declare that *statutory* language describes mere non-elemental manner and means. *E.g.*, *Dunham v. State*, 666 S.W.3d 477, 492−98 (Tex. Crim. App. 2023) (Yeary, J., dissenting) (arguing that subsections of the Deceptive Business Practices statute

---

[3] Other federal courts of appeals have come to the same conclusion as the Fifth Circuit did in *Garrett*. *See Martin v. Kline*, No. 19-15605, 2021 WL 6102175 (9th Cir. 2021) (not designated for publication); *United States v. Wilkins*, 30 F.4th 1198 (10th Cir. 2022). The majority opinion today reaches the opposite conclusion without mentioning, much less refuting, any of the arguments and considerations that led these various federal courts to conclude that Sections 29.02(a)(1) and 29.02(a)(2) constitute "divisible" offenses. *See* note 4, *post*.

(TEX. PENAL CODE § 32.42, subsections (b)(1)–(b)(12)) set out alternative elements of the offense rather than mere manner or means of committing a single offense, for jury-unanimity purposes, for the kinds of reasons this Court has identified in the past). But I also acknowledge that, if the Legislature has included language in a penal statute that does not define an element of an offense, but instead merely consists of a statutorily defined manner or means for its commission, that is a matter within the Legislative prerogative alone. Similarly, if the Legislature has defined what an *element* of an offense is, it seems to me that we should acknowledge that definition and afford appropriate deference to the exercise of the legislative prerogative. Our Legislature is, after all, the department of government charged with enacting our laws. TEX. CONST. art. III, § 1 ("The Legislative power of this State shall be vested in a Senate and House of Representatives[.]").

And there is a statute in our Penal Code, which does not appear to have been considered by the Court, that seems at least relevant to the determination of whether certain statutory words define *elements* of an offense or, instead, mere *manners or means.* Section 1.07(a)(22) of our Texas Penal Code provides that the phrase "'[e]lement of offense' means[,]" among other things, *"the forbidden conduct*[.]" TEX. PENAL CODE § 1.07(a)(22) (emphasis added). It seems odd to me, then, that the Court does not even attempt to offer any explanation for why the statutory alternatives at issue here—"causes bodily injury[,]" from Penal Code Section 29.02(a)(1), and "places another in fear of imminent bodily injury or death[,]" from Penal Code Section 29.02(a)(2)—are not properly understood to describe "the forbidden conduct[.]"

If the alternative statutory provisions at issue here do describe "forbidden conduct[,]" then the Court may be mistaken today, in light of the definition laid out in Penal Code section 1.07(a)(22), to conclude that the statutory alternatives are not elemental. The existence of a statute seeming to address the very question the Court struggles with should be the first place to look for an appropriate answer to a question of statutory construction like the one the Court faces in this case. Ultimately, though, I need not struggle with the Court's methodology long, because I conclude that any error in this case was clearly harmless.

The State makes a harmlessness argument in its brief on discretionary review. Brief for the State at 12−17. It is true that the Court of Appeals did not have to, and did not, address this question, and that this Court does not *ordinarily* decide an issue on discretionary review unless the court of appeals has first resolved it. *Gilley v. State*, 418 S.W.3d 114, 119 (Tex. Crim. App. 2014). But there are exceptions, *id.* at 119 & n.18 (citing *Davison v. State*, 405 S.W.3d 682, 691−92 (Tex. Crim. App. 2013)), and one seems to apply here. When an error is "plainly harmless," the Court has said, it can say so for the first time on discretionary review "for the sake of judicial economy." *Johnstone v. State*, 145 S.W.3d 215, 224 (Tex. Crim. App. 2004). I would do so here, and I would conclude that it is appropriate to uphold the court of appeals' unpublished opinion in this case as having, at the very least, reached the right bottom-line result.

Appellant apparently failed to object to the jury charge based on his present jury unanimity claim, since he argued on direct appeal that it caused him "egregious" harm. Appellant's Brief on Appeal at 16−17;

*see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (construing TEX. CODE CRIM. PROC. art. 36.19 to provide that unpreserved jury charge error will be reversible only if it causes "egregious" harm). In assessing the harmfulness of jury charge error, courts should consider four factors: (1) the entire jury charge; (2) the state of the evidence; (3) the jury arguments; and (4) any other relevant information as revealed by the record as a whole. *Id*. Considering these factors, it is clear enough to me that Appellant suffered no egregious harm, even assuming that the jury charge should have required unanimity with respect to whether he committed robbery-by-bodily-injury or robbery-by-threat.

Nothing in the balance of the jury charge either exacerbated or ameliorated the error (if any) in failing to require the jury to be unanimous with respect to the State's theories for how robbery was committed. Nothing in the final arguments of the parties even broached the subject of unanimity. And nothing else in the record served particularly to encourage the jury to reach a non-unanimous verdict with respect to the State's theories of robbery.

Regarding the state of the evidence, suffice it to say that, on the present record, there is no reason to doubt that the jury would have been unanimous with respect to *both* theories of robbery. *See* Majority Opinion at 2 (describing the offense). The contested issue in the case was not *how* the robbery was perpetrated. It was, instead, whether Appellant was the perpetrator at all. *Floyd v. State*, No. 02-22-00082-CR, 2023 WL 2033831, at *2−6 (Tex. App.—Fort Worth Feb. 16, 2023) (mem. op., not designated for publication).

This Court has said that "where a record reveals a risk of harm that is so small that it may properly be characterized as not 'remotely significant,' or where the risk of harm is 'almost infinitesimal,' any harm resulting from the error is only theoretical harm." *French*, 563 S.W.3d at 239 (internal footnotes omitted). We have also explained that mere theoretical harm will not even support a conclusion of "some" harm, much less "egregious" harm. *Id*. at 237 (citing *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986)). Considering the factors identified in *Almanza*, and indeed the record of this case as a whole, it is apparent to me that Appellant did not suffer egregious harm from the trial court's failure to *sua sponte* instruct the jury that it had to be unanimous about which statutory alternative was sufficiently supported by the evidence to justify Appellant's conviction.

For that reason alone, I concur in the result. But for now, I refrain from taking a final position with respect to the Section 29.02(a) jury-unanimity question by joining a majority opinion that, in my view, ill-explains its rationale.[4] Instead of resolving the conundrum left by the

---

[4] The closest to a suggested rationale I can find in the Court's opinion appears on page 10: that, unlike in *Garfias v. State*, 424 S.W.3d 54 (Tex. Crim. App. 2014), which involved provisions from separately enumerated statutes, the instant case involves separate subsections of the *same* statute. Majority Opinion at 9–10. But that circumstance is far from determinative. In *Garrett*, to take but one example, the Fifth circuit observed:

> The Texas simple robbery statute creates two distinct crimes, robbery-by-injury and robbery-by-threat. The pertinent portion of the statute is divided into two separate, numbered subdivisions separated by a semicolon. Moreover, the significance of this structural feature is confirmed by the conceptually distinct nature of each alternative; causing bodily injury is behavior meaningfully different from threatening or

Court's opinion in *Cooper*, as was our manifest ambition in granting discretionary review in this case, the Court's opinion seems merely to have perpetuated it.

I therefore concur only in the result.

**FILED:**                                                        November 13, 2024
**PUBLISH**

---

placing another in fear. And the different nature of these two crimes is further made apparent by their different culpable mental state requirements; robbery-by-injury can be committed "intentionally, knowingly, or recklessly," while robbery-by-threat can only be committed "intentionally or knowingly."

*Garrett*, 24 F.4th at 489; *see also id.* at 489−90 (pointing out that Section 29.02(a) is structured much the same way as Texas's simple assault statute (TEX. PENAL CODE § 22.01(a)(1), (2)), which this Court has construed to contain "divisible" offenses, in *Landrian v. State*, 268 S.W.3d 532, 540 (Tex. Crim. App. 2008)). I simply cannot tell how the majority opinion arrives at its contrary, mere-manner-or-means conclusion today, and my suspicion is that it may, in fact, be wrong to draw that conclusion.