# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 1, 2010

No. 09-60803
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

QUENTIN NELSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:96-CR-89-2

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Quentin Nelson, federal prisoner # 10529-042, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on the United States Sentencing Commission's November 1, 2007 retroactive amendment to the base offense levels for crack cocaine offenses. He contends that the district court erred in determining, based on the application notes accompanying Section 1B1.10 of the Sentencing Guidelines, that he was ineligible for a reduction of sentence because he was not serving his original term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment. He argues that the term of imprisonment imposed following the revocation of his supervised release is part of his original sentence and that, in any event, the district court erred in applying Section 1B1.10 and its accompanying commentary as mandatory.[1]

Section 3582(c)(2) "permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). The applicable policy statement that is found in Section 1B1.10, prohibits a district court from reducing a term of imprisonment below the term of imprisonment the defendant has already served. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C). Moreover, a defendant is entitled to a reduction in his term of imprisonment only if it was imposed as part of the original sentence. § 1B1.10, cmt. (n.4(A)). He may not obtain "a reduction in the term of imprisonment imposed upon revocation of supervised release." *Id.*

Nelson's argument that *United States v. Booker*, 543 U.S. 220 (2005), rendered Section 1B1.10 advisory fails. This court previously ruled *Booker* did "not alter the mandatory character of Guideline § 1B1.10's limitations on sentence reductions." *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). Accordingly, Nelson's arguments do not establish that the district court erred in determining that it lacked the authority to reduce his sentence under Section 3582(c)(2). *See Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010).

As Nelson has served his original custodial sentence, the Guidelines prohibit any reduction in that sentence or the sentence Nelson received upon

---

[1] Nelson also argues that Section 1B1.10, cmt. (n.4(A)) is unconstitutional and should not prohibit reduction of his revocation sentence because it is inconsistent with the definitions of supervised release in Chapter Seven of the Guidelines. As Nelson raised those issues for the first time in his reply brief, we will not consider them. *See United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007).

No. 09-60803

revocation of his supervised release. Because Nelson has no remaining supervised release term that may be modified or terminated, he can obtain no meaningful relief from the courts.

Nelson's appeal is moot. Accordingly, it is DISMISSED.