# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2021

Lyle W. Cayce
Clerk

No. 18-30994

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TRAVIS TRUMANE BARLOW,

*Defendant—Appellant*.

Appeal from the United States District Court
For the Middle District for Louisiana
USDC No. 3:16-CV-845
USDC No. 3:13-CR-44-1

Before CLEMENT, SOUTHWICK, and WILLETT, *Circuit Judges*.

LESLIE H. SOUTHWICK, *Circuit Judge*:

Travis Trumane Barlow pled guilty to possession of a firearm by a convicted felon. After the plea was accepted in 2014, he was sentenced under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e). This appeal follows from the district court's denial of Barlow's 2016 motion for post-conviction relief based on ineffective assistance of counsel and the inapplicability of the ACCA. We find no error and AFFIRM.

No. 18-30994

## FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Travis Trumane Barlow pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. Section 922(g)(1). Relevant to an argument raised now by the government, Barlow waived in the plea agreement his "right to appeal . . . [or] challenge the conviction and sentence in any post-conviction proceeding." He reserved, though, the right to appeal "any punishment imposed in excess of the statutory maximum" and to make a "collateral attack respecting claims of ineffective assistance of counsel."

In 2014, the district court accepted the agreement and sentenced Barlow to 235 months in prison and two years of supervised release. The length of the sentence resulted from the court's finding that he was an armed career criminal due to three convictions under state law for serious drug offenses. *See* 18 U.S.C. § 924(e)(1). Barlow appealed. In 2015 we agreed with his counsel that there were no nonfrivolous issues for appeal and affirmed. *United States v. Barlow*, 616 Fed. App'x 131, 131 (5th Cir. 2015).

In 2016, Barlow filed a *pro se* motion under 28 U.S.C. Section 2255 to vacate his sentence. Barlow argued that his counsel was ineffective at multiple stages in his proceedings. Barlow also contended that his prior convictions in state court for possession with intent to distribute marijuana no longer qualified as serious drug offenses after the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Those convictions were for "Possession with Intent to Distribute Marijuana" in 2004 and 2005 and "Possession with Intent to Distribute/Manufacture a Controlled Dangerous Substance – Schedule I" in 2005 under Louisiana Revised Statutes Section 40:966(A).

In response, the government argued that Barlow did not show his representation was inadequate and that he waived his right to bring a collateral challenge to his sentence except as to ineffective assistance of

counsel.  Regardless of waiver, the government maintained that convictions under the Louisiana statute qualified as serious drug offenses under the ACCA.  Barlow responded that his sentence under the ACCA was illegal and that the right to challenge an illegal sentence cannot be waived.  He also maintained that Section 40:966(A) was indivisible, asserting that "the production, manufacture, distribution or dispensing are all means of satisfying the single element of possession with intent" to distribute.

The district court denied Barlow's Section 2255 motion, concluding his ineffective assistance of counsel claims were meritless and that he had waived his right to challenge his sentence on collateral review.  Barlow filed a timely appeal.  The district court granted a certificate of appealability ("COA") on certain claims regarding the lack of effective counsel.  We subsequently granted an additional COA about his ACCA-based sentence.

## DISCUSSION

We first briefly address Barlow's arguments concerning the effectiveness of his trial counsel.  Barlow presented several claims about his counsel in district court, which were rejected.  The district court then granted a COA for this court to consider them.  Nonetheless, Barlow has failed to brief those claims on appeal and has therefore abandoned them.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Barlow does make a new claim on appeal about his counsel's ineffectiveness.  The claim is that his trial counsel failed to advise him before he entered into the plea agreement that he could be subject to a 15-year mandatory minimum sentence under the ACCA.  He did not, however, present that claim to the district court.  Further, he neither sought nor obtained a COA on this claim.  "We do not consider claims raised for the first time on appeal or issues not included in a COA."  *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); *see also Lackey v. Johnson*, 116 F.3d 149, 152

(5th Cir. 1997) (applying this principle to a *pro se* petitioner).  Therefore, we have no issue to analyze regarding the effectiveness of Barlow's counsel.

We now examine the sentencing issue.  Barlow claimed in district court that his prior Louisiana state-court convictions did not constitute serious drug offenses that would allow him to be sentenced under the ACCA.  The district court did not reach the merits of the issue, instead concluding that the waiver of the right to seek collateral review that appeared in his plea agreement barred this challenge.

On appeal, Barlow contends that the collateral-review waiver does not bar his challenge to his sentence because he reserved his right to appeal a sentence imposed in excess of the statutory maximum.  Essentially, Barlow argues that if his prior Louisiana convictions for possession with intent to distribute no longer qualified as "serious drug offenses" under Section 924(e)(1), his 235-month sentence would exceed the ten-year statutory maximum sentence that otherwise applied to his conviction.  *See* 18 U.S.C. § 924(a)(2).  The government disagrees, arguing that Barlow's waiver only reserved the right to appeal, not collaterally attack, a sentence imposed in excess of the statutory maximum.

We conclude that resolution of the waiver issue would be more difficult than resolving whether Barlow's state convictions were serious drug offenses.  That is particularly true because of the clarity that the Supreme Court recently brought to the precise issue of defining "serious drug offenses."  *See Shular v. United States*, 140 S. Ct. 779, 783 (2020).  We proceed along this alternative course even though the district court never reached the merits of the argument.  We have authority to do so inasmuch as we may affirm on any basis supported by the record.  *United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).  The record of the state convictions is clear, and so is the law.

No. 18-30994

Barlow was convicted under Section 922(g)(1) as a convicted felon in possession of a firearm that had traveled in interstate commerce. A defendant convicted under this statute faces a maximum sentence of ten years. 18 U.S.C. § 924(a)(2). The ACCA, however, imposes a 15-year-minimum sentence if the offender's prior criminal record includes at least three convictions for "violent felon[ies]" or "serious drug offense[s]." 18 U.S.C. § 924(e)(1). A state offense counts as a "serious drug offense" only if it "involve[es] manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is punishable by a sentence of ten years or more. 18 U.S.C. § 924(e)(2)(A)(ii).

When deciding whether an offender's prior convictions qualify for minimum sentencing under the ACCA, courts apply what is called a "categorical approach," looking "only to the statutory definitions of the prior offenses." *Taylor v. United States*, 495 U.S. 575, 600 (1990). Applying that doctrine to the category of "serious drug offenses" under the ACCA, the Supreme Court quite recently held that the state offense simply must "involve" the conduct described in Section 924(e)(2)(A)(ii), namely, the "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and which is punishable by at least a ten-year sentence. *Shular*, 140 S. Ct. at 785.[1]

---

[1] The government argued in district court as to Barlow that the "modified categorical approach" applied, citing *Mathis*, 136 S. Ct. at 2249. Because a "statute may list elements in the alternative," the categorical approach is modified when there are alternative elements. *Id.* In *Shular*, the Supreme Court discussed only the categorical approach, and we similarly limit our terminology. 140 S. Ct. at 784–85. The Court discussed different conduct, not different elements, hence the label of "modified categorical approach" is a poor fit. *See id.* We understand the Court to have meant, though, that if the state statute of conviction included, for example, manufacturing controlled substances as one of several categories of conduct, and it was only for manufacturing that the defendant was convicted, the ACCA would apply.

The counterargument rejected in *Shular* was that the elements of generic offenses of manufacturing, distribution, or possessing controlled substances with the correct intent had first to be defined, then those elements compared to those of the state offense. *Id.* at 784. Not only did Section 924(e)(2)(A)(ii) apply "to all offenders who engaged in certain conduct," but the Court found that the section's "text and context leave no doubt that it refers to an offense involving" that conduct. *Id.* at 787. In other words, there was no statutory ambiguity. *Id.*

In two recent opinions, we have applied *Shular* to uphold mandatory sentences imposed under the ACCA. *See United States v. Bass*, 996 F.3d 729, 735–742 (5th Cir. 2021) (holding that convictions for "possession with intent to deliver" under Arkansas law qualified as "serious drug offenses" under the ACCA); *United States v. Prentice*, 956 F.3d 295, 300 (5th Cir. 2020) (holding the same for "possession with intent to deliver" under Texas law). In both opinions, this court emphasized *Shular*'s central "holding that Section 924(e)(2)(A)(ii) requires only that the state offense involve the conduct specified in the federal statute." *See Bass*, 996 F.3d at 741; *Prentice*, 956 F.3d at 299–300 (noting *Shular* "broadens the understanding of 'a serious drug offense' by focusing on the underlying *conduct*")(emphasis in original). We apply that analysis to the Louisiana statute, Section 40:966(A).

As we just explained, before Barlow's prior convictions qualify under Section 924(e)(2)(A)(ii), the state statute on which those convictions were based must criminalize the conduct of "manufacturing, distributing, or possessing with intent to manufacture or distribute" a controlled substance. *Shular*, 140 S. Ct. at 784. What we know about the prior convictions comes from the presentence report ("PSR") and Barlow's briefing. The PSR gives, among other details, the dates and sentences of each qualifying offense, and describes them (without references to any state statute) as "Possession with Intent to Distribute Marijuana" in 2004, "Possession with Intent to

6

Distribute/Manufacture a Controlled Dangerous Substance – Schedule I" in 2005, and "Possession with Intent to Distribute Marijuana" in 2005. Barlow's briefing acknowledges that Section 40:966(A) was the basis for all the convictions. Though generally we would be provided the actual court records, we have sufficient information because Barlow has identified the relevant statute.

At the time that Barlow was charged with his state offenses, the Louisiana statute provided that it was "unlawful for any person knowingly or intentionally: (1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule I." La. R.S. § 40:966(A) (2004). The referenced Schedule I contained a list of various controlled substances, including marijuana. La. R.S. § 40:964 (2004). Thus, the same conduct which is necessary for a "serious drug offense" under the ACCA was the conduct criminalized by Section 40:966(A). *See* § 924(e)(2)(A)(ii).

Before we can conclude that the ACCA applies, though, we must also determine if the convictions were punishable by a "maximum term of imprisonment of ten years of more." § 924(e)(2)(A)(ii). Section 40:966 provided for three different sentencing ranges, depending on the controlled substance that a defendant was found to possess with intent to distribute. Any Schedule I substance classified as a "narcotic" would subject a defendant to "imprisonment for not less than five nor more than fifty years . . . at least five years of which [would] be served without benefit of probation, or suspension of [their] sentence." La. R.S. § 40:966(B)(1) (2004). "[A]ny other controlled dangerous substance classified in Schedule I," with the exception of marijuana, would subject a defendant to "imprisonment . . . for not less than five years nor more than thirty years, at least five years of which shall be served without benefit of parole, probation,

or suspension of sentence." La. R.S. § 40:966(B)(2) (2004). Lastly, a marijuana-related conviction for possession with intent to distribute was punishable by "imprisonment . . . for not less than five nor more than thirty years." La. R.S. § 40:966(B)(3) (2004). Thus, each of Barlow's convictions was punishable by a sentence of ten years or more. *See* § 924(e)(2)(A)(ii).

We hold that Barlow's convictions under Section 40:966(A) for "possession with intent to distribute" are "serious drug offenses" for the purpose of sentence enhancement under the ACCA. As the Supreme Court indicated in *Shular*, this result follows from the unambiguous language of this subsection of the ACCA.

AFFIRMED.