# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2022

Lyle W. Cayce
Clerk

No. 19-11022

United States of America,

*Plaintiff—Appellee*,

*versus*

Vernon Lee Wheeler,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-75-1

Before Smith, Barksdale, and Haynes, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Vernon Wheeler pleaded guilty to being a felon in possession of a firearm. At sentencing, the district court determined that Wheeler had at least three prior convictions for violent felonies and subsequently applied the enhancement mandated by the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The court sentenced Wheeler to 180 months in prison. On appeal, Wheeler argues that the district court

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

erred in applying the enhancement. For the reasons set forth below, we AFFIRM Wheeler's sentence and DENY his motion to file a supplemental brief.

## I.

In November 2015, police officers arrested Wheeler for jaywalking. During the arrest, the officers discovered a pistol in his car. Because Wheeler had prior felony convictions, the Government charged him with unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

A felon-in-possession conviction typically carries a maximum 10-year penalty. 18 U.S.C. § 924(a)(2). However, under the ACCA, a person who has been convicted of possessing a gun as a felon is subject to a 15-year mandatory minimum sentence if he has three prior convictions for "violent felon[ies]." *Id.* § 924(e)(1); *see also United States v. Lerma*, 877 F.3d 628, 629 (5th Cir. 2017). The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another,"[1] or (2) "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)–(ii).

At the time Wheeler committed the underlying offense, he had four previous convictions for aggravated robbery with a deadly weapon in violation of the Texas robbery statute. Accordingly, Wheeler's indictment gave him notice that he was subject to the enhanced penalties of § 924(e). He subsequently pleaded guilty to the felon-in-possession charge but disputed the applicability of the ACCA enhancement, asserting that his

---

[1] The first portion of the statute, colloquially referred to as the "elements clause," is at issue here.

convictions were not categorically "violent felonies" within the ACCA's elements clause. After conducting a sentencing hearing, the district court agreed with Wheeler and declined to apply the enhancement. The Government subsequently appealed.

Initially, we affirmed. *United States v. Wheeler* ("*Wheeler I*"), 733 F. App'x 221, 222–23 (5th Cir. 2018) (per curiam), *vacated and superseded on reh'g*, 754 F. App'x 282 (5th Cir. 2019) (per curiam) (mem.) ("*Wheeler II*"). But, in light of intervening precedent from our court, we vacated our prior opinion, vacated Wheeler's sentence, and remanded for a full resentencing. *Wheeler II*, 754 F. App'x at 282. In doing so, we instructed the district court to consider the sentence, "in the first instance" based on (1) intervening precedent, (2) "any other new cases," and (3) "arguments about whether applying such cases to Wheeler's sentence [would be] consistent with due process." *Id.* at 283.

At resentencing, the district court concluded it was obligated to apply the ACCA-enhancement and accordingly sentenced Wheeler to 180 months in prison. Wheeler timely appealed.

## II.

On appeal, Wheeler challenges the district court's imposition of the ACCA enhancement based on his prior convictions for robbery in violation of the Texas robbery statute. He argues that the district court erred because: (1) his Texas robbery convictions are not categorically "violent felonies" under the ACCA, and (2) due process concerns preclude the imposition of an ACCA-enhanced sentence. We address each argument in turn, reviewing the legal conclusions underlying the district court's application of the ACCA de novo. *United States v. Hawley*, 516 F.3d 264, 269 (5th Cir. 2008).

### III.

First, Wheeler maintains that the district court erred in concluding that he was subject to the ACCA-enhancement based on his prior Texas robbery convictions. Wheeler begins by asserting that convictions under the Texas robbery statute are not categorically violent felonies—and we agree with that. The Supreme Court made clear in *Borden v. United States*, 141 S. Ct. 1817 (2021), that crimes which can be committed "with a mens rea of recklessness do not qualify as violent felonies under [the] ACCA . . . [because] [t]hey do not require . . . the active employment of force against another person." *Id.* at 1834. Because an individual may be convicted under the Texas robbery statute without acting with purpose or knowledge, *see* Tex. Penal Code Ann. § 29.02(a), we agree that a conviction under the Texas robbery statute would not per se qualify as a violent felony for ACCA purposes.

But whether or not convictions under the Texas robbery statute are categorically violent felonies is not dispositive here. Rather, what matters is whether the Texas robbery statute is "divisible" or "indivisible." *United States v. Garrett*, 24 F.4th 485, 489–90 (5th Cir. 2022). "An indivisible statute sets out a single set of elements to define a single crime. In contrast, a divisible statute lists elements in the alternative, and thereby defines multiple crimes." *Lerma*, 877 F.3d at 631 (internal citation, quotation marks, and brackets omitted). Therefore, a divisible statute can "create multiple, distinct crimes, some violent, some non-violent." *Garrett*, 24 F.4th at 488.

As we explained in *Garrett*, the Texas robbery statute is divisible: it creates multiple crimes, including (1) robbery-by-injury, which may be committed recklessly, and (2) robbery-by-threat, which may be committed intentionally or knowingly. *Id.* at 489–90. Because robbery-by-threat may *only* be committed with an intentional and knowing mens rea, a conviction

under this portion of the statute therefore qualifies as a violent felony under the ACCA. *Id.* at 491. Wheeler devotes much of his appellate briefing trying to convince us otherwise. But we agree with—and are bound by—*Garrett*'s reasoning.

Because the Texas robbery statute is divisible, we then must apply a "modified categorical approach" to determine whether Wheeler's convictions qualify as violent felonies. Under this approach, we consider "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Lerma*, 877 F.3d at 631.

The record here makes plain that Wheeler's prior convictions were predicated on the robbery-by-threat portion of the statute. Like the evidence in *Garrett*, the record here "recites the statutory language pertaining to robbery-by-threat and makes no mention of robbery-by-injury." *Garrett*, 24 F.4th at 491. For example, the presentence report ("PSR") indicates that Wheeler was convicted of intentionally and knowingly threatening and placing the victims in fear of imminent bodily injury and death. Under our precedent, then, Wheeler's convictions qualify as violent felonies. Therefore, the district court did not err in applying the ACCA enhancement, and in fact, it was obligated to do so.

In an attempt to overcome the binding precedent on this issue, Wheeler asserts that the Government expressly waived the divisibility argument in the prior appeal. Therefore, per Wheeler, the district court erred in considering divisibility when evaluating the ACCA enhancement. Wheeler's argument, though, falls short for several reasons.

First, our remand order directed the district court to conduct a full resentencing, including considering—in the first instance—Wheeler's sentence in light of intervening binding precedent, as well as "*any other new*

cases." *Wheeler II*, 754 F. App'x at 283. Under the mandate rule, the district court was compelled to comply on remand with the dictates of our court. *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004). Our broad mandate required the district court to consider *all* arguments relevant to the ACCA enhancement, including those related to divisibility, and the district court did just that.

Second, and separately, we "may affirm on any basis supported by the record." *United States v. Barlow*, 17 F.4th 599, 602 (5th Cir. 2021) (forgoing "resolution of the waiver issue" and instead affirming on an independent basis). The district court was guided by the PSR in sentencing Wheeler. The PSR independently recommended an ACCA enhancement based, at least in part, on divisibility. Therefore, the PSR, as part of the record, provides an independent basis supporting the ACCA enhancement. We therefore reject Wheeler's waiver contentions.

In sum, we conclude that the district court did not err in concluding that Wheeler was subject to an ACCA-enhanced sentence based on his Texas robbery convictions.

## IV.

Wheeler next urges that the district court erred because applying the ACCA enhancement to his sentence would violate due process principles. Per Wheeler, he lacked fair notice that he would be eligible for a sentence longer than ten years because this court's precedent at the time he committed his offense did not make clear that a Texas robbery conviction would qualify as a violent felony. We recognize that our precedent related to the applicability of the ACCA enhancement has not always been well-defined. However, for the reasons discussed below, we are unpersuaded that this amounts to a due process violation.

No. 19-11022

Generally, "most judicial decisions apply retroactively." *United States v. Jackson*, 30 F.4th 269, 272 (5th Cir. 2022). But due process principles require that individuals have "notice of what conduct is criminal and the punishment that attaches to each crime." *Id.* So, in narrow and limited circumstances, a retroactive application of a judicial decision could violate the Due Process Clause. For example, in *Bouie v. City of Columbia*, 378 U.S. 347 (1964), the Supreme Court held that a defendant's due process rights could be violated by a retroactive application of an "unexpected and indefensible" expansion of substantive criminal liability. *Id.* at 354.

In line with that decision, our court has held that such "*Bouie* situation[s]" arise if a judicial opinion (1) is a "stark divergence from the statutory text," (2) "depart[s] from prior caselaw," (3) is "inconsist[ent] with the expectations of the legislature and law enforcement," or (4) criminalizes "otherwise innocent conduct." *Jackson*, 30 F.4th at 272. But *Bouie* situations are exceedingly rare; in fact, this court has never applied *Bouie* to find a due process violation. *See id.* at 274. Because this case does not present any of the hallmarks of an "exceedingly rare" circumstance warranting its application, we similarly decline to do so here.

First, our later precedent establishing that an aggravated robbery conviction could be a violent felony is not in conflict with the ACCA's text. To the contrary, it is in *accord with* the ACCA's text and Congress's intent in enacting the statute. *See Taylor v. United States*, 495 U.S. 575, 581 (1990) (recognizing that "the first version of the sentence-enhancement provision" subjected defendants to a 15-year mandatory minimum term if they had "three previous convictions 'for robbery or burglary.'"). Second, our recent precedent was certainly not "unexpected." Instead, "[i]t merely reconciled [this] circuit['s] precedents with the Supreme Court's decision." *United*

No. 19-11022

*States v. Gomez Gomez*, 917 F.3d 332 (5th Cir. 2019),[2] *overruled on other grounds by Gomez v. United States*, 141 S. Ct. 2779 (2021) (mem.). Third, our decisions did not make previously innocent conduct criminal. *See Proctor v. Cockrell*, 283 F.3d 726, 732 (5th Cir. 2002). Possession of a firearm with a prior felony conviction has long been a federal crime. *See* 18 U.S.C. § 922(g)(1). This is in stark contrast to *Marks v. United States*, 430 U.S. 188 (1977), one of the very few instances where the Supreme Court has found a due process violation based on the retroactive application of new judicial precedent. *See id.* at 191. In *Marks*, the Court's opinion redefined "obscenity," thereby criminalizing acts that were wholly legal at the time of the challenged conduct. *See id.* But such is not the case here—Wheeler wasn't participating in wholly innocent conduct, rendered unlawful by a later judicial opinion. He instead illegally possessed a firearm, in violation of a federal law that had long been in effect.

At bottom, none of the *Bouie* hallmarks are present here. We are thus assured that Wheeler had fair notice of the potential sentence authorized. *United States v. Batchelder*, 442 U.S. 114, 123 (1979). As such, we reject Wheeler's challenge and hold that the ACCA-enhanced sentence conforms with due process principles.

## V.

For the foregoing reasons, we AFFIRM Wheeler's sentence. Wheeler's motion to file a supplemental brief is DENIED.[3]

---

[2] The Supreme Court overruled *Gomez Gomez* on other grounds, *see Gomez*, 141 S. Ct. at 2780, but its reasoning on this point is still true.

[3] Months after the conclusion of briefing and weeks after oral argument in this case, Wheeler moved to file a supplemental brief. His motion sought to make a new argument that his prior convictions did not occur on "different occasions" based on *Wooden v. United States*, 142 S. Ct. 1063 (2022). But Wheeler concedes that "he did not raise any challenge

No. 19-11022

to the" different occasions determination at the earlier sentencing, the new sentencing, or in his initial brief. Moreover, this precedent was available to Wheeler at the time he filed his reply brief and at oral argument. Yet he failed to raise *Wooden* at any time until now. We thus decline to consider it.