# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2023

Lyle W. Cayce
Clerk

No. 20-11141
CONSOLIDATED WITH
No. 21-10780

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JACKIE PHILLIP SOSEBEE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District Court of Texas
USDC Nos. 7:16-CV-80, 7:06-CR-22-1, 7:20-CR-41-1

Before HIGGINBOTHAM, DUNCAN, and ENGELHARDT, *Circuit Judges*.
PATRICK E. HIGGINBOTHAM, *Circuit Judge*:

Jackie Sosebee pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 921(g)(1) and 922(e)(1) and was sentenced to 15 years' imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), given his multiple prior violent felony convictions. While on supervised release, Sosebee was again convicted of being a felon in possession of ammunition, resulting in revocation of his release as well as a separate conviction and an attendant sentence of 15 years and 3 months, again

No. 20-11141
c/w No. 21-10780

enhanced by the ACCA. Sosebee challenges the ACCA sentencing enhancements in both cases. We DISMISS as moot his claim regarding his first federal conviction and sentence, and we AFFIRM the sentence of his second federal conviction.

## I.

### A.

Prior to the two federal convictions giving rise to this consolidated appeal, Sosebee committed three Texas state crimes. First, a Texas court convicted Sosebee of robbery in 1985. Second, Sosebee pled guilty to burglary of habitation that year. Third, Sosebee pled guilty to another charge of burglary of habitation in 2002.

In 2007, Sosebee pled guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court enhanced Sosebee's sentence under the ACCA and sentenced him to 180 months' imprisonment,[1] the mandatory minimum under the ACCA, as well as three years of supervised release. In July 2019, Sosebee was released from prison and began his term of supervised release.

While on supervised release in January 2021, Sosebee committed another crime: a jury convicted him of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), resulting in a sentence of 188 months' imprisonment, again enhanced under the ACCA. As a result, the district court revoked Sosebee's term of supervised release and sentenced him to an additional 24 months' imprisonment for the 2007 conviction—commonly referred to as a "revocation term"—which was to run concurrently with the 2021 conviction.

---

[1] *See* 18 U.S.C. § 924(e)(1).

No. 20-11141
c/w No. 21-10780

**B.**

In 2016, Sosebee filed a § 2255 motion to vacate, set aside, or correct the sentence imposed following his 2007 guilty plea, which the district court denied. In November 2020, Sosebee filed a notice of appeal (the "first action").[2] This Court issued a COA as to "whether Texas *robbery* qualifies as a 'violent felony' under the ACCA."[3]

Sosebee filed a notice of appeal of his 2021 conviction and sentence (the "second action").[4] Sosebee then filed a motion to consolidate the two cases,[5] which was granted.[6]

**II.**

"Whether an appeal is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy."[7] "Under Article III's case-or-controversy requirement, '[t]o invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"[8] "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial

---

[2] Notice of Appeal, No. 20-11141 (5th Cir., Nov. 13, 2020) (Dkt. No. 1).

[3] Order Granting Motion for Certificate of Appealability, No. 20-11141 (5th Cir. Nov. 10, 2021) (Dkt. No. 37-2) (emphasis added).

[4] *See* Notice of Appeal, No. 21-10780 (5th Cir. Aug. 5, 2021) (Dkt. No. 1).

[5] *See* Unopposed Motion to Consolidate, No. 20-11141 (5th Cir. Dec. 17, 2021) (Dkt. No. 46).

[6] Order, No. 20-11141 (5th Cir. Dec. 20, 2021) (Dkt. No. 51).

[7] *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

[8] *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).

and appellate . . . . The parties must continue to have a personal stake in the outcome of the lawsuit."[9] In other words, "[a] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."[10] "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot."[11]

Shortly before oral argument, this Court directed the parties to be prepared to address whether Sosebee's appeal of the order denying his § 2255 motion is moot.[12] In response, the Government filed a Rule 28(j) letter detailing additional information regarding Sosebee's incarceration, averring that "Sosebee will have actually served (as of the date of oral argument) 27 months and 19 days on that aggregate sentence—or 3 months and 19 days longer than his 24-month revocation sentence."[13] In other words, Sosebee had completed his "term of imprisonment imposed following the revocation of his supervised release" and had "no remaining supervised release term that may be modified or terminated."[14] As a result, even a favorable determination in this action will have no impact on his sentence, meaning it

---

[9] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477–78).

[10] *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)).

[11] *Id.* (alteration in original) (quoting *Ellis v. Bhd. Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Emps.*, 466 U.S. 435, 442 (1984)).

[12] Order, No. 20-11141 (5th Cir. Nov. 28, 2022) (Dkt. No. 92).

[13] Letter, No. 20-11141 (5th Cir. Nov. 30, 2022) (Dkt. No. 98).

[14] *United States v. Nelson*, 410 F. App'x 734, 735 (5th Cir. 2010) (per curiam) (unpublished); *see also* Order, *In re: Moses Smith*, No. 16-40952 (5th Cir. July 27, 2016) (Dkt. No. 15) (holding that a § 2255 motion was moot where the defendant "is in custody as a result of his violation of the terms of his supervised release," "has completed his term of imprisonment[,] and faces no additional term of supervised release").

No. 20-11141
c/w No. 21-10780

is "impossible for [us] to grant any effectual relief" to him.[15] That Sosebee cannot obtain any form of relief stands in stark contrast to other cases in which a defendant had time remaining in their revocation sentences such that, upon prevailing, his sentence could have been reduced pursuant to Bureau of Prisons regulations that "credit" time served beyond what was appropriate in the initial sentence to the revocation sentence.[16] Lacking the ability to provide Sosebee any relief, we dismiss his appeal of the § 2255 order as moot.

### III.

The ACCA provides that anyone who "knowingly violates subsection . . . (g) of section 922 shall be fined under this title, imprisoned for not more than 15 years, or both."[17] It also provides that any defendant with "three previous convictions by any court . . . for a violent felony . . . shall be fined under this title and imprisoned not less than fifteen years,"[18] thereby addressing the "special danger" associated with "armed career criminals."[19] The Act defines a "violent felony" as:

---

[15] *Knox*, 567 U.S. at 307 (quoting *City of Erie*, 529 U.S. at 287).

[16] *See United States v. Jackson*, 952 F.3d 492, 498 (4th Cir. 2020) (citing BOP PROGRAM STATEMENT § 5880.28, SENTENCE COMPUTATION MANUAL 1–69 (1999)); *see also United States v. Penn*, 788 F. App'x 337, 340 (6th Cir. 2019) (unpublished) (holding a prisoner's case was not moot where there was remaining time left on his revocation sentence because prevailing would shorten his sentence by several years); *Parker v. Sproul*, No. 18-1697, 2022 WL 258586, at *2 (7th Cir. Jan. 27, 2022) (holding that a prisoner's case was not moot where "excess time spent in prison . . . [could] be credited toward a prison term for revocation of the supervised release tied to that crime" (citing *Jackson*, 952 F.3d at 498)).

[17] 18 U.S.C. § 924(a)(8).

[18] *Id.* § 924(e)(1).

[19] *Begay v. United States*, 553 U.S. 137, 146 (2008).

No. 20-11141
c/w No. 21-10780

any crime punishable by imprisonment for a term exceeding one year . . . that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.[20]

"Subsection (i) of this definition is known as the elements clause."[21] The beginning of subsection (ii) is known as the enumerated offenses clause, while "the end of subsection (ii)—'or otherwise involves conduct that presents a serious potential risk of physical injury to another'—is known as the residual clause."[22]

In 2010, the Supreme Court in *Johnson v. United States* struck down the residual clause as unconstitutionally vague while upholding the remaining definitions of the term "violent felony."[23] Last year, the Supreme Court in *Borden v. United States* added another constraint to the definition of a violent felony: an offense with a *mens rea* of recklessness "cannot so qualify."[24] But since *Johnson*, we, along with our sister Circuits, have been adjudicating whether a given criminal act is or is not a "violent felony" for purposes of the ACCA, navigating *Borden* and other applicable Supreme Court precedent.

---

[20] 18 U.S.C. § 924(e)(2)(B).

[21] *Welch v. United States*, 578 U.S. 120, 123 (2016).

[22] *Id.*

[23] 559 U.S. 133, 145 (2010).

[24] 141 S. Ct. 1817, 1822 (2021).

Last year, this Court addressed whether a Texas robbery-by-threat conviction is "a valid ACCA predicate for an enhanced sentence" post-*Borden*.[25] In *United States v. Garrett*, we held that we must "look at the statute itself and examine the elements of that crime; that is to say, we apply a categorical analysis to determine whether the statute itself necessarily and invariably requires the 'use . . . or threatened use of physical force.'"[26] The Court reasoned that the Texas robbery statute is "divisible,"[27] meaning that it "create[s] multiple distinct crimes, some violent, some non-violent."[28] We further held that robbery-by-injury did not constitute a violent crime for purposes of the ACCA while robbery-by-threat did.[29]

Sosebee takes issue with *Garrett*'s reasoning, but as the Government correctly notes, "Sosebee's arguments against *Garrett* cannot change that *Garrett* is binding precedent and has been uniformly followed by other panels of this Court since it was decided." Indeed, "[w]e are bound by our precedent 'in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court,' neither of which has occurred."[30] To that end, we have repeatedly relied on *Garrett* to affirm ACCA enhancements predicated upon Texas robbery-by-threat convictions,[31] just as additional published precedent has relied on *Garrett* in

---

[25] *United States v. Garrett*, 24 F.4th 485, 487 (5th Cir. 2022).

[26] *Id.* at 488 (quoting *Borden*, 141 S. Ct. at 1822).

[27] *Id.* at 491.

[28] *Id.* at 488 (citing *Mathis v. United States*, 579 U.S. 500, 505 (2016)).

[29] *Id.* at 491.

[30] *United States v. Montgomery*, 974 F.3d 587, 590 n.4 (5th Cir. 2020) (quoting *United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010)).

[31] *See, e.g.*, *United States v. Senegal*, No. 19-40930, 2022 WL 4594608, at *1 (5th Cir. Sept. 30, 2022) (per curiam) (unpublished) ("[A] Texas robbery-by-threat conviction satisfies the ACCA's elements clause."); *United States v. Landaverde-Leon*, No. 21-40808,

No. 20-11141
c/w No. 21-10780

related retroactivity analysis.[32] Recently, a separate panel of this Court made clear that it "agree[d] with—and are bound by—*Garrett*'s reasoning."[33] So we apply *Garrett*'s modified categorical framework and mimic its process to determine if Sosebee was convicted of robbery-by-injury or robbery-by-threat.

In *Garrett*, we "look[ed] to the indictment and the judicial confession" to show that the defendant's offense "pertain[ed] to robbery-by-threat" rather than robbery-by-injury, meaning the defendant's conviction "is thus a violent felony under the ACCA and may serve as a predicate to an enhanced sentence."[34] The same is true in the instant action. Sosebee's robbery conviction similarly recites the statutory language pertaining to robbery-by-threat—"intent to obtain property . . . and *there intentionally and knowingly threaten and place [the victim] in fear of imminent bodily injury*."[35] By contrast, the Information makes no mention of robbery-

---

2022 WL 2208400, at *1 (5th Cir. June 21, 2022) (per curiam) (unpublished) (affirming *Garrett*'s holding vis-à-vis divisibility and the classification of each robbery as an ACCA predicate or not); *United States v. Balderas*, No. 20-10992, 2022 WL 851768, at *1 (5th Cir. Mar. 22, 2022) (per curiam) (unpublished) ("We recently decided that Texas simple robbery, is divisible into robbery-by-injury, which may be committed recklessly, and robbery-by-threat, which may only be committed 'intentionally and knowingly.'" (quoting *Garrett*, 24 F.4th at 589)); *United States v. Lipscomb*, No. 18-11168, 2022 WL 327472, at *1 (5th Cir. Feb. 3, 2022) (per curiam) (unpublished) ("[T]he issue before us on remand is how the *Borden* decision affects [the defendant's] sentence. In light of our recent decision in *United States v. Garrett*, the answer is: not at all.").

[32] *See United States v. Jackson*, 30 F.4th 269, 275 (5th Cir. 2022) (citing *Garrett* favorably when considering retroactivity of ACCA enhancements, *i.e.*, whether it was permissible to apply law as it existed at sentencing rather than as it existed when he committed the crime), *cert. denied*, 143 S. Ct. 252 (2022).

[33] *United States v. Wheeler*, No. 19-11022, 2022 WL 17729412, at *2 (5th Cir. Dec. 16, 2022) (per curiam) (unpublished).

[34] *Id.*

[35] (Emphasis added).

No. 20-11141
c/w No. 21-10780

by-injury nor does it cite the language from that divisible crime. Sosebee acknowledges as much, citing to the Information setting forth offense conduct and arguing that this Court should overturn *Garrett*. Plainly, Sosebee does not dispute that he committed robbery-by-threat. Bound by *Garrett*, and on the record facts before us, we affirm Sosebee's ACCA-enhanced sentence.[36]

* * * *

We DISMISS as moot Sosebee's claim regarding his first federal conviction and attendant sentence, and we AFFIRM the sentence attendant to his second federal conviction.

---

[36] Months after the conclusion of briefing and more than a week after oral argument in this action, Sosebee moved to file a supplemental brief, seeking to make a new argument premised upon the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022), which was issued in March 2022. The Federal Public Defender's Office tried to make this same motion in *Wheeler*, again doing so "[m]onths after the conclusion of briefing and two weeks after oral argument in this case." *Wheeler*, 2022 WL 17729412, at *4 n.3. As the *Wheeler* panel dismissed this motion, so do we:

> [Sosebee] concedes that "he did not raise any challenge to the" different occasions determination at the earlier sentencing, the new sentencing, or in his initial brief. Moreover, this precedent was available to [Sosebee] at the time he filed his reply brief and at oral argument. Yet he failed to raise *Wooden* at any time until now. We thus decline to consider it.

*Id.*