# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2023

Lyle W. Cayce
Clerk

———————————

No. 22-50686

———————————

Darren Lubbe,

*Plaintiff—Appellant*,

*versus*

Mark Milanovich; Christopher Mulch; Brandon Negri;
Jeoff Williams; Thomas G. Ruocco; Steven C. McCraw;
Christopher Brock,

*Defendants—Appellees*,

——————————————————————————

Darren Lubbe,

*Plaintiff—Appellant*,

*versus*

Steven McCraw, Director of DPS, Austin, Texas

*Defendant—Appellee*.

——————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 1:18-CV-1011, 1:19-CV-1073

——————————————————————————

Before Smith, Southwick, and Higginson, *Circuit Judges*.

No. 22-50686

Per Curiam:[*]

Darren Lubbe had been a special agent in the Criminal Investigation Division of the Texas Department of Public Safety ("DPS"). He sued various individuals within DPS alleging First Amendment retaliation and Fourteenth Amendment due process and equal protection claims under 42 U.S.C. § 1983. The district court granted summary judgment in favor of all defendants. We AFFIRM.

We review a district court's grant of summary judgment *de novo*. *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 629–30 (5th Cir. 2011). Summary judgment is proper when "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Lubbe presents five issues on appeal.

First, Lubbe argues that DPS Director Steven McGraw violated his First Amendment rights by constructively discharging him. Second, he argues that all the defendants engaged in retaliation violative of the First Amendment after Lubbe reported conduct that was allegedly criminal. To establish a First Amendment retaliation claim, Lubbe "must show that (1) he suffered an adverse employment action; (2) his speech involved a matter of public concern; (3) his interest in speaking outweighs the employer's interest in promoting efficiency in the workplace; and (4) his speech motivated the employer's adverse employment action." *Gibson v. Kilpatrick*, 838 F.3d 476, 481 (5th Cir. 2016) (quotation marks and citation omitted). We agree with the district court that Lubbe did not show that he spoke "as a citizen on a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

matter of public concern." *Johnson v. Halstead*, 916 F.3d 410, 422 (5th Cir. 2019). Lubbe's failure to satisfy that part of the claim allows dismissal.

Qualified immunity is appropriate either when the constitutional right being asserted was not violated or the allegedly violated right was not clearly established at the time of the claimed violation. *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019). We hold that all the defendants were properly granted qualified immunity from Lubbe's First Amendment claims.

Third, Lubbe asserts the defendants violated his substantive due process rights when he was discharged. To succeed on a substantive due process claim, Lubbe must prove "(1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious." *Lewis*, 665 F.3d at 630 (quotation marks and citation omitted). We find the evidence demonstrates beyond any genuine dispute that Lubbe's removal was neither arbitrary nor capricious. We have authority to affirm a district court on any basis supported by the record. *United Sates v. Barlow*, 17 F.4th 599, 602 (5th Cir. 2021). Thus, independent of qualified immunity on which the district court dismissed the claim, we conclude this claim fails on its merits.

Fourth, Lubbe argues the defendants violated his equal protection rights through religious discrimination. On appeal, Lubbe insists he is not bringing a "class-of-one" claim. That being conceded, this claim was properly dismissed because Lubbe offered no evidence of any similarly situated employee who was treated differently. *See Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

Fifth and finally, Lubbe seeks reversal of the denial of his deliberate indifference claim against Director McCraw and various DPS commissioners. Lubbe's notice of appeal, though, only referenced the district court's summary judgment order, which did not address any claim

for deliberate indifference. "[W]here the notice of appeal is from a final judgment, we have held that an appeal from a final judgment sufficiently preserves all prior orders intertwined with the final judgment." *Jordan v. Ector Cnty.*, 516 F.3d 290, 294 (5th Cir. 2008) (quotation marks and citation omitted). Because Lubbe did not appeal from a final judgment but from a summary judgment order, "we are without jurisdiction to hear challenges to other rulings or orders not specified in the notice of appeal." *Id.* (quotation marks and citation omitted).

AFFIRMED